ISAAC W. GARNER, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, January 27, 1908.**

1. **MASTER AND SERVANT: Negligence: Demurrer to Evi-
dence: Collision: Defective Car Brake: Risk.** The .evidence
relating to the cause of a collision is reviewed and held to
sufficiently show that the defective brake on one of the cars
caused the accident, to send the question to the jury. *Held*,
further, the master owes the servant the duty of exercising
reasonable care to not increase the natural and incidental risks
of his employment and that the use of the brake was negli-
gence.

2. ——: ——: ——: ——: ——: ——, Evidence relating to
the conduct of a motorman on a street car is reviewed and held
not to constitute contributory negligence so as to take the case
from the jury.

3. ——: ——: ——: ——: **Credibility of Witnesses.**
Though the plaintiff's character for morality be assailed his
evidence cannot be rejected and his credibility is a question of
fact for the jury and not of law for the court.

4. ——: ——: **Instructions: Verdict.** Instructions are ap-
proved and the verdict on the evidence cannot be interfered
with by the appellate court.

Appeal from Jackson Circuit Court.—*Hon. William B.
Teasdale*, Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White*
for appellant.

(1) The court erred in overruling defendant's de-
murrer to the evidence at the close of the trial. Even
if the defendant had been shown to be guilty of negli-
gence, the plaintiff himself admitted that he could have
stopped his own car in time to have avoided the collis-
ion, and failed to do so. McGahan v. Transit Co., 100

S. W. 603. (2) The court erred in refusing defendant's instruction number 3 as asked, and in modifying the same. It was authorized by the evidence of Nannie Dillon, Jennie Montavy and S. B. Barnes. (3) The court erred in refusing to set aside the verdict of the jury and granting a new trial. The verdict was against the express instructions of the court, plaintiff's number 2. This instruction properly declared the law and was based upon plaintiff's own evidence. Wehringer v. Ahlemeyer, 23 Mo. App. 281; Karrer v. Railroad, 76 Mich. 400, 43 N. W. 370; Murphy v. Weil, 89 Wis. 146, 61 N. W. 315; Emerson v. Santa Clara Co., 40 Cal. 543; Dent v. Bryce, 16 S. C. 1-4; Abbott's Civil Trial Brief, pp. 503-7.

*Joseph A. Guthrie*, for respondent, filed argument.

JOHNSON, J.—This is an action brought by a servant against his master to recover damages for personal injuries alleged to have been caused by the negligence of the master. The trial resulted in a verdict and judgment in favor of plaintiff in the sum of $500, and defendant appealed. At the time of the injury, May 8, 1904, plaintiff was in the employment of defendant as a motorman and was operating a car on the Independence line of defendant's street railway system in Kansas City. The road between the two cities consists of double tracks, but owing to a washout three or four miles east of Kansas City, the two tracks, for a distance of about 425 feet, had been placed temporarily on the same ties and occupied a lateral space a few inches wider than that covered by a single track. Cars could not pass each other in this section and defendant, by an order issued to its employees, had given west-bound cars right of way over those east-bound. Owing to the presence of obstructions to vision, a motorman approaching the sin-

gle track from either end could not see a car at the other end, and the right of way order mentioned provided that a motorman in charge of an east-bound car should proceed over the single track if no car coming from the opposite direction was in sight. Plaintiff, who was in charge of an east-bound car, stopped at the west approach, saw no car ahead and proceeded forward at the rate of four or five miles per hour. When, perhaps 150 feet from the point where the tracks diverge at the east end, a car approaching from the opposite direction appeared in view. Acting under the belief that it was in control of the motorman and would be stopped before it reached the single space, he continued on his way and had almost reached the frog where the tracks separated when he became aware that the motorman of the other car, whom he had observed to be making strenuous efforts to apply the brakes, would not be able to control the car and that a collision was inevitable. Plaintiff, at once, brought his car to a stop and reversed the current in order that the forward end, instead of the side of the car, might receive the force of the blow. The collision which followed was of sufficient force to wreck the front vestibule of plaintiff's car.

The facts we have stated are taken from the testimony of plaintiff. The negligence 'alleged in the petition is, first, the failure of defendant "to maintain a flagman or some other means of signalling, at or near the east end of said single track for the purpose of signalling west-bound cars to stop when an east-bound car was upon said single track;" and, second, "that the brake with which said car in charge of said Barnes (the west-bound car), and then approaching said single track, was equipped as aforesaid, was in an imperfect, unsafe and defective condition, in this, that the shoes of said brake would not, and could not, by turning said iron wheel to its utmost limit, be made to come into contact with the wheels of said car with sufficient strength, or compact-

ness, to stop said car within a reasonable distance."
And that the "defendant knew, or by the exercise of
ordinary care, could have known of the defective and im-
perfect condition of said brake, a sufficient length of
time to have enabled said defendant to repair said
brake or to replace the same with a new one before the
occurrence of the collision hereinafter described."

The answer, in addition to a general denial, con-
tains the plea that the injuries received by plaintiff were
caused by his own fault and negligence and the further
plea that they were "the result of risks and dangers or-
dinarily incident to the employment and business in
which he was at the time engaged and that all said risks
and dangers were assumed by plaintiff by his contract
of employment, and in accepting employment by the
defendant."

Evidence introduced by plaintiff tends to show that
the brake (operated by hand power) on the westbound
car was defective in the respect charged in the petition
and that the existence of the defect had been brought to
the notice of defendant some three days before the in-
jury.    Further, it appears from that evidence that the
motorman in charge of that car tried very hard to bring
it to a stop at the proper place and would have suc-
ceeded had the brake shoes operated properly on the
wheels.    On behalf of defendant, the evidence tends to
show that plaintiff disregarded instructions in not wait-
ing at the west end of the single track for the west-
bound car to pass, that the brakes of that car were not
defective and that plaintiff was guilty of negligence in
not bringing his car to an immediate stop as soon as he
saw the other car approaching, and, further, was negli-
gent in abandoning his post while he was running over
the single track to engage in conversation with passen-
gers seated in the car.    Counsel for defendant asked
plaintiff, on cross-examination, why he did not stop his
car when he saw the other coming.    He answered,

"Well, because I did not—I thought he was going to stop and I could get off of the single track. That is why." It is contended by defendant that this answer convicts the plaintiff of blindly and heedlessly rushing into obvious peril and, of itself, is sufficient to prevent his recovery. Plaintiff denies that he engaged in conversation with passengers in his car, that he left his post at any time, or was inattentive even for a moment to the track ahead of him, or that he proceeded forward after he became aware, or should have known, from the appearances before him, that the other car would not stop.

Defendant asked and the court refused to give an instruction in the nature of a demurrer to the evidence and the cause was submitted to the jury on the issues of the negligence of defendant in operating the westbound car with a defective brake and the contributory negligence of plaintiff. It is insisted that the demurrer should have been sustained on the grounds, first, that the evidence most favorable to plaintiff fails to present an issue of negligence on the part of defendant that directly caused the collision and consequent injury and, second, that in failing to stop his car in time to avert the collision, plaintiff should be pronounced guilty in law of negligence which contributed to his injury.

The first of these positions clearly is untenable. The proof adduced by plaintiff shows that the brakeshoes of the west-bound car were not placed to act on the wheels in a proper manner and that but for the existence of this defect the efforts of the motorman of that car to stop would have been successful. Defendant owed plaintiff, its servant, the duty of exercising reasonable care to avoid increasing the natural and incidental risks of his employment and to continue the use of a brake so defective that it would not properly perform its functions, after receiving notice of the defect in time to withdraw the car from service or to repair it, was, of

itself, a negligent breach of such duty. That this negligence of defendant was a direct cause of the injury is too plain to call for discussion. Nor was the risk of injury from such cause impliedly assumed by plaintiff. The risks assumed were those natural and incidental to the business, as long as it was conducted by defendant within the limits of reasonable care, and not those which might be caused by defendant's negligence.

The doctrine of assumption of risk has no application to the facts of this case, and we proceed to discuss the proposition advanced by defendant that plaintiff was at fault in the manner in which he operated his car and that his own negligence contributed to produce the injury. We cannot say, as a matter of law, that it was the duty of plaintiff to hold his car at the west approach to the single section until the west-bound car had passed. He says, and his statement is supported by other evidence, that defendant's instructions required him to proceed unless a car coming from the opposite direction was in sight, and it is conceded that the other car did not appear until he had traveled over two-thirds of the single section. Obviously, it was the duty of the motorman of that car which then was some distance east of the intersection of the tracks to stop his car to permit plaintiff to pass. This duty he recognized and attempted to perform. There was no misunderstanding of orders on the part of either motorman. Each acted on the supposition that plaintiff's car, having reached and partly traversed the single track before the other reached it, had the right of way. When plaintiff first saw the approaching car, he had the right to proceed slowly, as he says he did, and when he saw the motorman of that car applying his brakes in an effort to stop in a place of safety, he certainly was justified in relying on the presumption that the brakes were not defective and would perform their functions and could act on this presumption until something appeared to indicate

to a watchful and prudent person in his situation that the approaching car, for some reason, was not under proper control. [Bennett v. Railway, 122 Mo. App. 703.] The conduct of plaintiff as depicted in the evidence he introduced does not appear to be characterized by a lack of proper care. He ran his car at a slow rate of speed and kept it under reasonable control; stood at his post and closely observed the advance of the other car, and, at the first appearance of something wrong, promptly stopped his car and reversed its motion. These facts were sufficient to rebut the charge of negligence made against him by his adversary and thus to present an issue of fact to go to the jury. The facts differ essentially from those in the case of McGahan v. Transit Co., 201 Mo. 500, relied on by defendant. There the two cars approached each other on a single track. "The motormen and conductors in charge of both cars had ample opportunity to discover each other in time to avoid the collision" and each motorman knew that the cars could not pass each other on a single track and it was his plain duty to stop his car in time to avoid the injury. So, in the present case, had the west-bound car entered the single track at the time of its discovery by plaintiff, he would not have been justified in relying on the presumption that it would be stopped and backed on to the passing track. But with ample opportunity afforded the motorman of that car to stop in a place of safety, the situation was entirely different from that supposed. A reasonably careful and prudent person in plaintiff's situation would have been warranted in assuming that the motorman of the approaching car would give him the right of way and would not be prevented from accomplishing such purpose by the existence of defective machinery or appliances. Referring to the attack made on the credibility of plaintiff as a witness, it suffices to say that he is supported as to most of the salient facts to which he testified by the testimony of

other witnesses as well as by the conceded physical facts and, though he is shown to be a man of bad moral character, we cannot reject his evidence on that score. The question of his credibility was an issue of fact, not of law, and is settled by the verdict of the jury. The demurrer to the evidence was properly overruled.

The instructions given by the court fairly submitted the issues of defendant's negligence and plaintiff's contributory negligence. The modification of defendant's instruction numbered three (3) of which complaint is made was proper since the matter stricken out was a mere comment on the evidence.

The verdict does not express the conclusion we would draw from all the facts in evidence, were we sitting as the triers of fact, but the evidence on each side of the controversy is substantial and, as the cause was fairly tried and submitted, we perceive no occasion to warrant our interference with the judgment. Accordingly, it is affirmed. All concur.